Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Floor
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Denim Tears, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENIM TEARS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>CEIIFN, GLNAISTORE LLC, MINGYANGDIANQI, SHILIUU, SHISAN, SUN DAN MEN'S WEAR STORE, TRENDY-CULB, WANG FLAT TOYS, XIANHUIGUANGLIWANGLUO, XJYLWHCM STORE, XUANLI WOMEN'S WEAR STORE and ZHEFENGDANGYUSHANGMAO,<br><br>*Defendants* | **CIVIL CASE NO.<br>24-cv-8927 (RA)**<br><br><br>**FINAL DEFAULT JUDGMENT<br>AND PERMANENT<br>INJUNCTION ORDER** |

**GLOSSARY**

| Term | Definition | Docket Entry No. |
|---|---|---|
| **Plaintiff or Denim Tears** | Denim Tears, LLC | N/A |
| **Defendants or Defaulting Defendants** | CEIIFN, GLNaiStore LLC, Mingyangdianqi, SHILIUU, SHISAN, Sun Dan Men's wear store, Trendy-Culb, Wang flat Toys, xianhuiguangliwangluo, XJYLWHCM store, Xuanli Women's wear store and ZheFengDangYuShangMao | N/A |
| **Walmart Marketplace** | Walmart.com Marketplace, a Bentonville, Arkansas-based, online marketplace and e-commerce platform owned by Walmart Stores, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on November 20, 2024 | 1 |
| **Complaint** | Plaintiff's Complaint filed on November 21, 2024 | 7 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **TRO Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery | 15-18 |
| **TRO** | The Temporary Restraining Order against the Defendants, Third Party Service Providers and Financial Institutions entered by the Court on December 5, 2024 | 20 |
| **Herring Dec.** | Declaration of Kevin Herring in Support of Plaintiff's Application | 18 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 17 |
| **Denim Tears Products** | A successful and high-end lifestyle streetwear line of men's and women's apparel, as well as accessories, bags and other ready-made goods | N/A |

i

| Denim Tears Marks | U.S. Trademark Registration Nos.: 6,130,729 for "<br><br>DENIM TEARS<br><br>" for a variety of goods in<br><br>Class 25 and 6,770,233 for "          " for a variety of goods in Class 25 | N/A |
|---|---|---|
| Denim Tears Work | U.S. Copyright Registration No.: VA 2-248-145 covering "COTTON WREATH" | N/A |
| Counterfeit Products | Products bearing or used in connection with the Denim Tears Marks and/or Denim Tears Work, and/or products in packaging and/or containing labels bearing the Denim Tears Marks and/or Denim Tears Work, and/or bearing or used in connection with marks and/or artwork that are confusingly and/or substantially similar to the Denim Tears Marks and/or Denim Tears Work, and/or products that are identical or confusingly similar to the Denim Tears Products | N/A |
| Infringing Listings | Defendants' listings for Counterfeit Products | N/A |
| User Accounts | Any and all websites and any and all accounts with online marketplace platforms such as Walmart, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Defendants' Assets | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |

| | | |
|---|---|---|
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Walmart Pay, Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Walmart Marketplace, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **PI Order** | The Preliminary Injunction Order entered by the Court on December 19, 2024 | 11 |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants filed on February 12, 2026 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Denim Tears Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third and Fourth Causes of Action are dismissed against Defaulting Defendants without prejudice;

## II.    Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Seventy-Five Thousand U.S. Dollars ($75,000.000) in statutory damages against the following twelve (12) Defaulting Defendants: CEIIFN, GLNai

1

Store LLC, Mingyangdianqi, SHILIUU, SHISAN, Sun Dan Men's wear store, Trendy-Culb, Wang flat Toys, xianhuiguangliwangluo, XJYLWHCM store, Xuanli Women's wear store and ZheFengDangYuShangMao pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.    **Permanent Injunction**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Denim Tears Marks and/or Denim Tears Work and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Denim Tears Marks and/or Denim Tears Work;

B. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

C. directly or indirectly infringing in any manner Plaintiff's Denim Tears Marks and/or Denim Tears Work;

D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Denim Tears Marks to identify any goods or services not authorized by Plaintiff;

2

E.  using Plaintiff's Denim Tears Marks and/or Denim Tears Work and/or any other marks or artwork that are confusingly or substantially similar to the Denim Tears Marks and/or Denim Tears Work  on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities and Plaintiff

G.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution,

3

displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Denim Tears Marks or bear any marks that are confusingly similar to the Denim Tears Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this order are permanently enjoined and restrained from:

   A. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

4

B.  instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H), III(3)(A) and III(4)(A) above.

### IV.    Dissolution of Rule 62(a) Stay

1)  IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.    Miscellaneous Relief

1)  Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2)  Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3)  The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 6 East 45th Street, 7th Floor, New York, NY 10017; and

4)  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 21 day of April, 2026.

_____

HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

5